JAMES HOWES *vs.* EZEKIEL TOLMAN.

*Assumpsit.   Case affirmed.   Practice.   Presumption of law.   Report of facts.
   When debtor is liable to creditor for support in jail.*

When a case is presented upon report, to test the correctness of a ruling at *nisi prius,* the presumptions are in favor of the ruling; and unless the party against whom it is made, and at whose instance the cause is reported, procures the incorporation into the report of sufficient facts or evidence to show the ruling to be erroneous, it will be affirmed.

To enable a creditor to recover of his debtor the sum paid for the support in jail of the debtor, after he has surrendered himself or been committed upon the creditor's execution, it is not indispensable to show a formal complaint by the debtor to the jailer, under R. S., c. 113, § 55. Any evidence which satisfies the tribunal which is to pass upon the facts that the debtor knew that the jailer required from the creditor payment of the debtor's board, and that the latter intended the former should pay it, will, upon common law principles, support an action of assumpsit for the amount paid; a promise of reimbursement being implied from these circumstances. *Spring* v. *Davis,* 36 Maine, 399, affirmed.

ON REPORT.

ASSUMPSIT to recover an amount paid by plaintiff to support the defendant in jail, when held under surrender duly made to

save the condition of a poor debtor's bond given under the provisions of R. S., c. 113, applicable to arrests on execution.

It appeared that the debtor surrendered himself into the custody of the jailer, upon said bond July 16, 1870 ; that he made the written complaint on oath mentioned in R. S., c. 113, § 55, October 26, 1870 ; that the jailer called upon the creditor, both before and after the date of said complaint, for payment of the debtor's support, and it was furnished. The jailer ultimately discharged the prisoner from custody upon the payment of the judgment and costs upon which the bond was given.

The defendant contended that he was not liable for the support between July 16 and October 26, 1870, but the presiding judge ruled otherwise, and gave judgment for the full amount. If this ruling is correct, judgment was to be entered for the plaintiff for the full amount claimed; otherwise, for that portion of it which accrued after October 26, 1870.

*S. Belcher*, for the plaintiff.

*Robt. Goodenow*, for the defendant.

The written complaint shows that the defendant surrendered himself to save the condition of a bond to Delia A. Tolman, and there is no suggestion that the plaintiff held it as assignee ; nor aught to indicate that his payment of board was anything but a voluntary and impertinent interference in another's business.

BARROWS, J. This case comes before us upon a report signed by the presiding justice, from the tenor of which we infer that the case was submitted to him for decision without the intervention of a jury. The report does not purport to present all the facts found by him, but is framed to test the correctness of a single ruling. The suit was assumpsit, to recover the amount paid by the plaintiff to support the defendant in jail, where he had surrendered himself in accordance with the provisions of a poor debtor's bond, and whence he was finally released upon payment of the judgment. He surrendered himself July 16, 1870. On the twenty-sixth of

October, 1870, he made oath to a complaint of his inability to support himself, &c., a copy of which is made part of the case. It recites a surrender to save the conditions of a bond given to one Delia A. Tolman. The report states that the defendant contended that he was not liable for the support between July 16 and October 26. But the presiding judge ruled otherwise and gave judgment for the full amount; and the case is reported with the stipulation that if this ruling is correct, judgment is to be rendered for the plaintiff for the full amount; otherwise, for such amount as accrued after October 26. The final clause in this stipulation is sufficient to overthrow the position now taken by the defendant that the plaintiff has no cause of action against him because the notice of October 26 refers to a bond given to Delia A. Tolman and not to the plaintiff.

The form of the ruling requested by the defendant, and the stipulation above referred to, necessarily imply that the right of the plaintiff to recover for all that he paid for defendant's board subsequent to October 26, was conceded. The reasonable inference is that among the facts proved before the judge at *nisi prius*, but not detailed in the report, was the fact that this plaintiff was the assignee and creditor in interest in the judgment upon which the bond to Delia A. Tolman was given. The report shows that the jailer called upon the creditor for payment for the defendant's board both before and after the notice of October 26, and that it was furnished. We remark:

I. When a case is presented upon report to test the correctness of a ruling of the judge presiding at the trial, the presumptions are in favor of the ruling as in the case of exceptions, and it is incumbent upon the party against whom the ruling is made, and at whose instance the case is reported, to incorporate into the report enough of the facts or evidence to show that the ruling was erroneous, otherwise it will be affirmed.

II. The legal substance of this ruling was that it was not indispensable, in order to enable the plaintiff to recover, to show a formal complaint to the jailer.

Any evidence which satisfies the tribunal that is to pass upon the facts, that the debtor knew that the creditor was required by the jailer to pay his (the debtor's) board, and that he intended that the creditor should pay it will suffice to maintain the suit for the amount paid, upon common law principles. A promise to reimburse the creditor for what he pays under such circumstances will be implied. *Spring* v. *Davis*, 36 Maine, 399.

We presume that the judge at *nisi prius* based his ruling upon such a finding. Doubtless he was satisfied that the jailer called upon the creditor for the defendant's board before the formal complaint with the knowledge and assent of the defendant and with the design on his part that the creditor should pay it. For all that he paid under such circumstances he is entitled to judgment, and according to the stipulations in the report the entry must be,

*Judgment for plaintiff for*
*the full amount claimed.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.